UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

FLORENTINO MELGADEJO,                    :

              Plaintiff,                 :    12 Civ. 6852 (RA)(HBP)

       -against-                         :    OPINION
                                              AND ORDER
S&D FRUITS & VEGETABLES INC., et         :
al.,
                                         :

              Defendants.                :
-----------------------------------X


         PITMAN, United States Magistrate Judge:


I.   Introduction


         Florentino Melgadejo, on behalf of himself and others

similarly situated, brings this action under the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York

Labor Law ("NYLL") to recover unpaid wages, unpaid overtime

compensation and statutory damages.  By notice of motion, dated

April 30, 2013, plaintiff seeks an Order:  (1) authorizing his

FLSA claims proceed as a collective action pursuant to 29 U.S.C.

§ 216(b); (2) approving his proposed notice of the collective

action and authorizing him to mail the notice to all potential

plaintiffs; (3) compelling defendants to produce, in computer-

readable format, contact information for potential class members;

(4) compelling defendants to post his proposed notice in all

locations owned or operated by defendants and (5) certifying his
NYLL claims as a class action pursuant to Fed.R.Civ.P. 23(b)(3)
(Notice of Mot. (Docket Entry 34) at 1).  By Order dated March 8,
2013, the Honorable Ronnie Abrams, United States District Judge,
referred the motion to me (Docket Item 24).

        To the extent the motion seeks relief other than class
certification, it seeks non-dispositive relief that is within my
jurisdiction to grant as a magistrate judge.  Mazur v. Olek
Lejbzon & Co., 05 Civ. 2194 (RMB)(DF), 2005 WL 3240472 at *2 n.1
(S.D.N.Y. Nov. 30, 2005) (Freeman, M.J.); Patton v Thompson
Corp., 364 F. Supp. 2d 263, 265-66 (E.D.N.Y. 2005).  To the
extent the motion seeks class certification pursuant to
Fed.R.Civ.P. 23, it seeks relief which I can address only by way
of a report and recommendation.  28 U.S.C. § 636(b)(1)(A).
Accordingly, in order to maintain a clear distinction between my
order and my recommendation, this opinion and order is limited to
the relief plaintiffs seek other than class certification.
Plaintiff's motion for class certification is addressed in a
report and recommendation of even date.

II.   Facts

    A.   Relevant Factual Background

        Plaintiff Florentino Malgadejo seeks unpaid wages that are allegedly due to the non-managerial staff employed at defendants' grocery stores pursuant to the FLSA and the NYLL.  The complaint and affidavits submitted by plaintiff allege the following facts.

        Defendant Samuel Olea is the owner and operator of two grocery stories:  S & D Fruits and Vegetables, Inc. ("S & D") and Sal's Fruit, Vegetable and Grocery Inc. doing business as Sal's Fruit and Grocery ("Sal's")(Compl. ¶¶7-9).

        Plaintiff worked for S & D and Sal's in the grocery department as a full-time employee between 2008 and April 2011 (Compl. ¶¶32, 35; Affidavit of Florentino Melgadejo, dated April 30, 2013, annexed as Exhibit B to Affirmation of Ayanna T. Blake (Docket Item 35) ("Melgadejo Aff."), ¶¶3-7).  Plaintiff's duties in both locations included receiving deliveries, stocking shelves and working at the cash register (Compl. ¶33).  Plaintiff did not manage or supervise others (Compl. ¶34).  While employed at S & D and Sal's, plaintiff worked in the grocery department from 7:30 a.m. to 9:00 p.m. Sunday through Friday and purchased merchandise to restock the grocery stores from 10:00 p.m. to 3:00 a.m. on

3

Tuesday evenings (Melgadejo Aff. ¶¶6-7).  S & D and Sal's paid
plaintiff a weekly salary of $360 in cash (Melgadejo Aff. ¶¶6-7).
Defendants never provided plaintiff with paystubs and withheld
taxes from plaintiff's wages, but never remitted the withheld
amounts to the appropriate taxing authorities (Compl. ¶¶36-37).
Defendants never paid plaintiff overtime for hours he worked in
excess of 40 hours each week and never paid spread-of-hours pay
for the days he worked in excess of 10 hours (Compl. ¶¶38-39).

From 2006 to 2012, at least 14 employees have worked at
S & D or Sal's (Compl. ¶19).  Six of these employees, Andreas
Olea, Luis Cortes, Edith Hernandez, Jose Manuel Gonzalez, Luz
Castillo Aviles and Octavio Martinez allege that defendants also
failed to pay them at the legal overtime rate for hours they
worked in excess of 40 hours each week.  Like plaintiff, defen-
dants paid these individuals in cash[1] on a weekly basis and did
not issue pay stubs to them.  These six employees either worked
as meat cutters, as cashiers, or in the grocery department
restocking shelves, cleaning the produce and making deliveries

---

[1]Octavio Martinez alleges that he was paid by check from May
2011 to April 2012 and Andres Olea, a current employee, alleges
that he has been paid by check since January 2012 (Affidavit of
Octavio Martinez, dated April 24, 2013, ("Martinez Aff.") ¶8,
Affidavit of Andres Olea, dated April 29, 2013, ("Olea Aff.") ¶6,
annexed as Exhibits C and H, respectively, to Affirmation of
Ayanna T. Blake, (Docket Item 35)).

(Olea Aff. ¶¶1-6, Affidavit of Luis Cortes, dated April 20, 2013, ("Cortes Aff.") ¶¶1-7, Affidavit of Edith Hernandez, dated April 20, 2013, ("Hernandez Aff.") ¶¶1-4, Affidavit of José Manuel Gonzalez, dated April 20, 2013, ("Gonzalez Aff.") ¶¶1-7, Affidavit of Luz Castillo Aviles, dated April 30, 2013, ("Aviles Aff.") ¶¶1-7, Martinez Aff. ¶¶1-8, annexed as Exhibits B, C, D, E, F, G, H, respectively to Affirmation of Ayanna T. Blake, (Docket Item 35)).

B.   <u>Procedural History</u>

Plaintiff filed his complaint on September 11, 2012 alleging, <u>inter alia</u>, violations of the FLSA and NYLL (<u>See</u> <u>generally</u> Compl.).  Because defendants failed to move or answer the complaint in a timely manner, plaintiff obtained a certificate of default from the Deputy Clerk of the Court on December 11, 2012 (Docket Item 10).

Pursuant to her individuals rules, (Rule 4.F; Attachment A), Judge Abrams issued an Order directing defendants to show cause why judgment should not entered against them, and on March 1, 2013, she held a hearing to determine whether the Court should enter a default judgement (Docket Item dated Mar. 1, 2013).  As of the date of this opinion, Judge Abrams has not entered a default judgment against any of the named defendants.

5

III. <u>Legal Analysis</u>

    A.   Motion to Proceed
        <u>as a Collective Action</u>

      Plaintiff seeks authorization to pursue his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of current and former non-managerial employees at S & D and Sal's employed on or after April 19, 2010 that were not paid at one and one-half the regular rate for all hours worked in excess of forty hours in a single week (Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Conditionally Certify a Collective Action, (Docket Item 36) ("Pl. Mem. of Law") at 1).

      Section 216(b) of the FLSA provides, in pertinent part:

> An action . . . may be maintained against any employer . . . by any one or more employees for an in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

"Under the FLSA, potential class members in a collective action must affirmatively opt-in to be covered by the suit.  The statute of limitations continues to run on a potential class member's claim until she files written consent with the Court." <u>Malena v. Victoria's Secret Direct, LLC</u>, 09 Civ. 5849 (WHP), 2010 WL 4642443 at *3 (S.D.N.Y. Nov. 16, 2010) (Pauley, D.J.), <u>citing</u> 29

U.S.C. §§ 216(b), 256(b).  Although the FLSA does not contain a certification requirement, a district court has the discretionary power certify a collective action to facilitate notice to potential opt-in plaintiffs.  <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 555 n.10 (2d Cir. 2010); <u>Braunstein v. E. Photographic Labs., Inc.</u>, 600 F.2d 335, 335-36 (2d Cir. 1978) (<u>per curiam</u>); <u>see also</u> <u>Hoffmann-La Roche Inc. v. Sperling</u>, 493 U.S. 165, 169 (1989).

The Second Circuit has approved a two-step method used by courts to assess whether it is appropriate to certify a collective action.  <u>Myers v. Hertz Corp.</u>, <u>supra</u>, 624 F.3d at 555 ("[t]he district courts of this Circuit appear to have coalesced around a two-step method, a method which, while not required by the terms of the FLSA or the Supreme Court's cases, we think is sensible."); <u>see also</u> <u>Camesi v. Univ. of Pittsburgh Medical Ctr.</u>, 729 F.3d 239, 243 (3d Cir. 2013)(applying the two-step method); <u>White v. Baptist Mem'l Health Care Corp.</u>, 699 F.3d 869, 877 (6th Cir. 2012)(same); <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1258-62 (11th Cir. 2008)(same); <u>Thiessen v. GE Captial Corp.</u>, 267 F.3d 1095, 1105 (10th Cir. 2001)(same).

> The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred.  <u>See</u>, <u>e.g.</u>, <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1258-62 (11th Cir. 2008); <u>Damassia v. Duane Reade, Inc.</u>, No. 04 Civ. 8819, 2006 WL

                2853971, at *3 (S.D.N.Y. Oct. 5, 2006)(Lynch, J.);
                Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261
                (S.D.N.Y. 1997)(Sotomayor, J.).  The court may send
                this notice after plaintiffs make a "modest factual
                showing" that they and potential opt-in plaintiffs
                "together were victims of a common policy or plan that
                violated the law."  [Hoffmann v.] Sbarro, [supra,] 982
                F. Supp. at 261 . . . .  The "modest factual showing"
                cannot be satisfied simply by "unsupported assertions,"
                Dybach v. State of Fla. Dep't of Corrections, 942 F.2d
                1562, 1567 (11th Cir. 1991), but it should remain a low
                standard of proof because the purpose of this first
                stage is merely to determine whether "similarly situ-
                ated" plaintiffs do in fact exist, see [Hoffmann v.]
                Sbarro, [supra,] 982 F. Supp. at 261.  At the second
                stage, the district court will, on a fuller record,
                determine whether a so-called "collective action" may
                go forward by determining whether the plaintiffs who
                have opted in are in fact "similarly situated" to the
                named plaintiffs.  The action may be "de-certified" if
                the record reveals that they are not, and the opt-in
                plaintiffs' claims may be dismissed without prejudice.
                See, e.g., [Morgan v.] Family Dollar [Stores, supra,]
                551 F.3d at 1261;  Hipp [v. Liberty Nat'l Life Ins.
                Co.,] 252 F.3d [1208, 1216 (11th Cir.2001) (per
                curiam)].

Myers v. Hertz Corp., supra, 624 F.3d at 555.

        Typically a court looks to the pleadings and any

supporting affidavits at the first stage to determine whether the

named plaintiff has made a modest factual showing that he is

similarly situated to any potential opt-in plaintiffs with

respect to the unlawful practice.  See Lee v. ABC Carpet & Home,

236 F.R.D. 193, 197 (S.D.N.Y. 2006) (Batts, D.J.); Hoffmann v.

Sbarro, Inc., 982 F. Supp. 249, 262-63 (S.D.N.Y. 1997) (Sotomayo-

r, D.J.).  The modest factual showing is minimal; the affidavits

of the named plaintiff and any other employee alleging the same
uniform unlawful payment practice constitutes sufficient proof at
the first step.  See, e.g., Diaz v. S & H Bondi's Dep't Store,
Inc., 10 Civ. 7676(PGG), 2012 WL 137460 at *4-*5 (S.D.N.Y. Jan.
18, 2012) (Gardephe, D.J.) (granting conditional certification
when the affidavits of plaintiff and four other employees alleged
that defendants did not pay them the required minimum wage or
required overtime compensation); Fasanelli v. Heartland Brewery,
Inc., 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) (Batts, D.J.)
(collecting cases); accord Guan Ming Lin v. Benihana Nat'l Corp.,
755 F. Supp. 2d 504, 509-11 (S.D.N.Y. 2010) (Marrero, D.J.)
(same).  However, although the standard of proof at the first
step is low, it "cannot be satisfied simply by unsupported
assertions . . . ."  Cunningham v. Elec. Data Sys. Corp., 754 F.
Supp. 2d 638, 644 (S.D.N.Y. 2010) (Holwell, D.J.), citing Myers
v. Hertz Corp., supra, 624 F.3d at 555.

       At the second step, which occurs after discovery, the
court examines the record and "undertakes a more stringent
factual determination as to whether members of the class are, in
fact, similarly situated."  Lynch v. United Servs. Auto. Ass'n,
491 F. Supp. 2d. 357, 368 (S.D.N.Y. 2007) (McMahon, D.J);
Hernandez v. Merrill Lynch & Co., Inc., 11 Civ. 8472 (KBF), 2012
WL 1193836 at *4 (S.D.N.Y. Apr. 6, 2012) (Forrest, D.J.) ("The

burden imposed at th[e] first 'conditional certification' stage
is minimal precisely because the second step allows for a full
review of the factual record developed during discovery to
determine whether opt-in plaintiffs are <u>actually</u> 'similarly
situated' to the named plaintiffs.").  If plaintiffs are simi-
larly situated, the collective action proceeds, but "if they are
not, the class is decertified, the claims of the opt-in plain-
tiffs are dismissed without prejudice, and the class representa-
tive may proceed on his or her own claims." <u>Lee v. ABC Carpet &
Home</u>, <u>supra</u>, 236 F.R.D. at 197; <u>Myers v. Hertz Corp.</u>, <u>supra</u>, 624
F.3d at 555; <u>Guaman v. 5 M Corp.</u>  13 Civ. 3820 (LGS), 2013 WL
5745905 at *3 (S.D.N.Y. Oct. 23, 2013) (Schofield, D.J.).

          Plaintiff has provided more than enough evidence at
this initial stage that he and other potential opt-in plaintiffs
together were victims of a common policy or plan that violated
the law.  Plaintiff asserts in his complaint that he is similarly
situated to current and former non-managerial employees at S & D
and Sal's because the defendants did not pay him and other
employees the minimum wage rate or time and a half for overtime
worked (Compl. ¶12).  Plaintiff also asserts in his complaint
that they "were paid in cash and did not receive wage statements
and/or pay stubs in connection with their pay; and had money

withheld from their pay for taxes that was not, in fact, used to pay taxes" (Compl. ¶12).

In support of these allegations, plaintiff has submitted seven affidavits.  The affidavits confirm that other non-managerial workers employed at S & D and Sal's performed similar work in the grocery or meat departments, worked in excess of ten hours each day and forty days each week and did not receive the minimum wage, did not receive time and a half for hours worked in excess of 40 hours in a week and did not receive spread of the hours pay (Melgadejo Aff. ¶¶3-7, Olea Aff. ¶¶2-6, Cortes Aff. ¶¶3-7, Hernandez Aff. ¶¶2-4, Gonzales Aff. ¶¶2-7, Aviles Aff. ¶¶2-7, Martinez Aff. ¶¶2-8, annexed as Exhibits A, B, C, D, E, F, G and H, respectively to the Affirmation of Ayanna T. Blake, (Docket Item 35)).  These affidavits are sufficient to meet plaintiff's minimal burden at the initial step.

Accordingly, plaintiff's motion to pursue his FLSA claims as a collective action is conditionally granted.

B.  <u>Notice to Potential Opt-Ins</u>

Plaintiff next requests that this Court order several measures to effectuate notice to potential opt-in plaintiffs. Specifically, plaintiff seeks authorization to send a bi-lingual notice and a bi-lingual consent form and an Order directing

defendants to produce the names, last known mailing addresses, alternate mailing addresses, telephone numbers, last known email addresses, dates of birth, social security numbers and dates of employment for all non-managerial employees who worked for defendants on or after April 19, 2010.  Plaintiff also seeks an Order requiring defendants to publish his proposed notice and consent form in all locations owned and operated by defendants where the putative class members are likely to view them (Notice of Mot. at 1-2).  For reasons set forth below, plaintiff's requests are granted.

      1.    Court-Authorized
           Notice and Consent Form

Plaintiff seeks authorization to send a bi-lingual notice and a bi-lingual consent form to all current and former non-managerial employees of defendants who worked for defendants on or after April 19, 2010 (Pl. Mem. of Law at 1).  Plaintiff has provided a copy of the notice and consent form he proposes to send (Notice of Pendency of FLSA Lawsuit and Consent to Sue Under Federal Fair Labor Standards Act at 1-4, both annexed as Exhibit I to the Affirmation of Ayanna T. Blake).

A court has discretion to "implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs," Hoffmann-

La Roche Inc. v. Sperling, supra, 493 U.S. at 169, including the discretion to specify what form any court-authorized notice should take.  Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 106 (S.D.N.Y. 2003) (Smith, M.J.) (setting forth appropriate court-approved notice); see also Hoffmann-La Roche Inc. v. Sperling, supra, 493 U.S. at 170 ("[W]e decline to examine the terms of the notice . . . .  We confirm the existence of the trial court's discretion, not the details of its exercise.").  By monitoring the preparation and distribution of any proposed notice, a court may ensure that it is "timely, accurate, and informative" and not misleading.  Hoffmann-La Roche Inc. v. Sperling, supra, 493 U.S. at 170; Hernandez v. NGM Mgmt. Grp. LLC, 12 Civ. 7795 (RWS), 2013 WL 5303766 at *4-*5 (S.D.N.Y. Sept. 20, 2013) (Sweet, D.J.).

Plaintiff appears to have drafted the proposed notice and consent form from a standardized template that uses, almost verbatim, the language that the Honorable Lisa M. Smith, United States Magistrate Judge, approved in another FLSA case, Gjurovich v. Emmanuel's Marketplace, Inc., supra, 282 F. Supp. 2d at 106-09.  The substance of plaintiff's proposed notice is standard in this district.  See Mendoza v. Ashiya Sushi 5, Inc., 12 Civ. 8629 (KPF), 2013 WL 5211839 at *9 (S.D.N.Y. Sept. 16, 2013) (Failla, D.J.) (collecting cases); Bowens v. Atl. Maint. Corp., 546 F.

13

Supp. 2d 55, 84-85 (E.D.N.Y. 2008).  Given the precedent approv-
ing the proposed language and the absence of objection from
defendants, I approve the notice proposed by plaintiff.

 Plaintiff must, however, correct the typographical
errors and cure certain omissions in his proposed notice.
Accordingly, plaintiff's motion to mail the proposed court-
authorized notice and consent form in English and Spanish is
granted subject to the following modifications:

 1.  The proposed notice shall be addressed to
"Current and former employees of S & D Fruits & Vegeta-
bles Inc.; Sal's Fruit, Vegetable and Grocery Inc.; and
Samuel Olea; who were employed on or after April 19,
2010, and who were non-managerial employees, and did
not receive overtime compensation at the rate of time
and one-half for any work they performed in excess of
40 hours each week or in excess of 10 hours each day."

 2.  The subject line shall be amended to read:
"Re: Fair Labor Standards Act Lawsuit filed against S &
D Fruits & Vegetables Inc.; Sal's Fruit, Vegetable and
Grocery Inc.; and Samuel Olea."

 3.  Within the section entitled "Description of
the Lawsuit," plaintiff shall delete the paragraph
beginning with "Defendants deny the claims . . ."

4. After the section that is numbered "1" and entitled "WHO IS ELIGIBLE TO JOIN THE LAWSUIT," plaintiff shall insert a new paragraph that reads:

The named plaintiff, Florentino Melgadejo, seeks to sue on behalf of himself and also on behalf of other employees with whom he is similarly situated. Specifically, the plaintiff seeks to sue on behalf of any and all employees who have worked for S & D Fruits & Vegetables Inc.; Sal's Fruit, Vegetable and Grocery Inc.; or Samuel Olea on or after April 19, 2010 (or who are currently employed there), and who worked in a non-managerial position in which they:

a. Were paid a fixed salary each week rather than an hourly rate; and

b. Did not receive overtime compensation at the rate of time and one-half for any work they performed in excess of 40 hours each week; and

c. Did not receive 'spread of hours' compensation for any day on which they worked more than 10 hours.

5. After the sections numbered "2" and "3", plaintiff shall indicate that the opt-in consent form must be filed within 60 days of the date on which the noticed was mailed.

6. After the section numbered "4", the first paragraph shall read:

If you choose to join this case, you will be bound by the Judgment, whether it is favorable or unfavorable. You may also be held liable for costs associated with this lawsuit, and for potential counterclaims which could be asserted against you

15

by S & D Fruits & Vegetables Inc.; Sal's Fruit, Vegetable and Grocery Inc.; or Samuel Olea, collectively the defendants.

7. In addition, the following paragraph, in capital letters and bold-faced type, shall replace the paragraph at the end of the proposed notice:

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, BY THE HONORABLE JUDGE HENRY PITMAN, UNITED STATES MAGISTRATE JUDGE.   THE COURT TAKES NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR THE DEFENDANTS' DEFENSES.

With the amendments noted above, plaintiff's proposed notice is approved.  Plaintiff is instructed to file with the Court a revised copy of the proposed notice that incorporates the changes above no later than 14 days from the date of this opinion.

2.  Discovery of Contact Information

Plaintiff next requests an Order compelling defendants to produce contact information for potential opt-in plaintiffs (Pl. Mem. of Law at 1).  Specifically, plaintiff seeks from defendants the names, last known mailing addresses, alternate addresses, telephone numbers, email addresses, dates of birth, social security numbers and dates of employment for all non-managerial employees of defendants who worked on or after April

16

19, 2010 (Pl. Mem. Of Law at 1).  Plaintiff seeks this informa-
tion in order to provide his proposed notice and consent form to
potential opt-in plaintiffs.

     A court has discretion to compel discovery of contact
information of potential opt-in plaintiffs in order to ensure
that notice is received.  Whitehorn v. Wolfgang's Steakhouse,
Inc., 767 F. Supp. 2d 445, 448 (S.D.N.Y. 2011) (Sand, D.J.),
citing Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir.
2004); accord Hoffmann-La Roche Inc. v. Sperling, supra, 493 U.S.
at 170.  Disclosure of the names, addresses, telephone numbers
and email addresses of putative class members is commonplace in
this district because such information is essential to identify-
ing and notifying potential opt-in plaintiffs.  See, e.g., Lamb
v. Singh Hospitality Grp., Inc., 11-CV-6060 (MKB), 2013 WL
5502844 at *10 (E.D.N.Y. Sept. 30, 2013) (names and mailing
addresses); Gorey v. Manheim Servs. Corp., 10 Civ. 1132, 2010 WL
5866258 at *6 (S.D.N.Y. Nov. 10, 2010) (Gwin, D.J.) (names, dates
of employment, last known mailing address, email address and
telephone number); In re Penthouse Exec. Club Comp. Litig., 10
Civ. 1145 (NRB), 2010 WL 4340255 at *5 (S.D.N.Y. Oct. 27, 2010)
(Buchwald, D.J.).

     With the exception of his request for the dates of
birth and social security numbers of potential opt-in plaintiffs,

17

plaintiff has asked for routine contact information necessary to effectuate notification.  Defendants should therefore produce such information to plaintiff.

However, plaintiff has not adequately demonstrated why his request that defendants produce the dates of birth and social security numbers for potential opt-in plaintiffs should be granted.  Plaintiff asserts that he requires this information to perform a 'skip trace' in the event that mailing copies of his proposed notice is unsuccessful (Pl. Mem. of Law at 12).  However, plaintiff does not adequately explain how the dates of birth and social security numbers will help locate potential opt-in plaintiffs, or how a skip trace works.[2]  In addition, plaintiff has no need for this information until he mails the notices and a substantial number of them are returned as undeliverable.

Accordingly, plaintiff's motion to compel defendants to provide the following information, in a computer-readable manner, is granted:  the names of potential class members, their last known mailing addresses, alternate addresses, all telephone

---

[2]A skip trace appears to be a process whereby a collection agency provides people called 'skip tracers' with identifying information, such as a person's name and social security number. "The skip tracers then use their particular talents to discover the [person's] whereabouts.  The skip tracers pass this information back to the collection agenc[y to contact the person] . . . ." United States v. Cummings, 395 F.3d 392, 393 (7th Cir. 2005).

numbers, email addresses and dates of employment.  Plaintiff's
motion to compel defendants to produce the dates of birth and
social security numbers is denied without prejudice.  If plain-
tiff explains, in detail, how dates of birth and social security
numbers will help locate potential opt-in plaintiffs and demon-
strates a need for the information, I will reconsider his appli-
cation to compel production of this information.

### 3.   Publication of the Proposed Notice

Melgadejo next requests an Order directing defendants
to post the proposed notice and consent form in a conspicuous
place at each location owned or operated by the defendants in
order to facilitate notice to the putative class (Pl. Mem. of Law
at 1).

"Courts routinely approve requests to post notice on
employee bulletin boards and in other common areas, even where
potential members will also be notified by mail." Whitehorn v.
Wolfgang's Steakhouse, Inc., supra, 767 F. Supp. 2d at 449;
Mendoza v. Ashiya Sushi 5, Inc., supra, 2013 WL 5211839 at *9
(collecting cases); Rosario v. Valetine Ave. Disc. Store, Co.,
828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011).  But see Chhab v.
Darden Rests., Inc., 11 Civ. 8345 (NRB), 2013 WL 5308004 at *17
(S.D.N.Y. Sept. 20, 2013) (Buchwald, D.J.).

Accordingly, plaintiff's motion for an Order directing defendants to post the proposed notice and consent form in each location owned or operated by the defendants is granted.

IV.  <u>Conclusion</u>

For all the reasons discussed above, I grant plaintiff's motions for Orders (1) authorizing plaintiff to pursue his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b), (2) approving plaintiff's proposed notice and consent form subject to the above referenced revisions, (3) compelling defendants to produce contact information for the potential opt-in plaintiffs except with respect to their dates of birth and social security numbers and (4) compelling defendants to post the proposed notice and consent form in each location owned and operated by the defendants.

By no later than 14 days from the date of this opinion, defendants are ordered to produce the names, last known mailing addresses, alternate addresses, telephone numbers, email addresses and dates of employment for all non-managerial employees of defendants who worked on or after April 19, 2010 to present in their possession.  Finally, by no later than 28 days from the

20

date of this opinion, plaintiff is directed to send notice to the

potential opt-in plaintiffs.

Dated:  New York, New York
        November 7, 2013

                              SO ORDERED

                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

Michael J. Borrelli, Esq.
Abby H. Natelson, Esq.
Ayanna T. Blake, Esq.
The Law Office of Borrelli & Associates
Ste. 328
1010 Northern Blvd
Great Neck, New York  11021