```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FLORENTINO MELGADEJO,              :

                Plaintiff,         :   12 Civ. 6852 (RA)(HBP)

    -against-                      :   REPORT AND
                                       RECOMMENDATION
S&D FRUITS & VEGETABLES INC., et   :
al.,
                                   :
                Defendants.
                                   :
-----------------------------------X
```

PITMAN, United States Magistrate Judge,

TO THE HONORABLE RONNIE ABRAMS, United States District Judge:

I. Introduction

Florentino Melgadejo brings this action, on behalf of himself and others similarly situated, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law ("NYLL") to recover unpaid wages, unpaid overtime compensation and statutory damages. By notice of motion dated April 30, 2013 (Docket Item 34), plaintiff seeks an Order: (1) authorizing that his FLSA claims proceed as a collective action pursuant to 29 U.S.C. § 216(b); (2) approving his proposed notice of the collective action and authorizing him to mail the notice

to all potential plaintiffs; (3) compelling defendants to produce, in computer-readable format, contact information for potential class members; (4) compelling defendants to post his proposed notice in all locations owned or operated by defendants and (5) certifying his claims under the NYLL as a class action pursuant to Fed.R.Civ.P. 23(b)(3) (Notice of Mot. (Docket Entry 34) at 1).

In an Opinion and Order of even date (the "Accompanying Opinion and Order"), I have explained why it is appropriate to address plaintiff's motion for Rule 23 class certification separately from the other aspects of plaintiff's motion. In the Accompanying Opinion and Order I have also resolved all aspects of plaintiff's motion other than his application for Rule 23 class certification. Accordingly, this Report and Recommendation is limited to that portion of plaintiff's motion that seeks Rule 23 class certification with respect to the claims asserted under the NYLL.

## II. Facts

This is an action brought under the FLSA and the NYLL in which plaintiff alleges that he, and other similarly situated individuals, were not paid the minimum wage for all the hours they worked, were not paid 1.5 times their regular rate for all

# header removed

hours over 40 worked in a week and were not given spread of hours pay for those days in which they worked in excess of ten hours. The facts are set forth in greater detail in the Accompanying Opinion and Order.

Defendants have failed to answer or move with respect to the complaint in this matter, although a neither a default nor a default judgment has yet been entered against them. Defendants have also failed to respond to plaintiff's motion for Rule 23 class certification.

III. <u>Analysis</u>

Plaintiff seeks to maintain this action as a Rule 23 class action on behalf of:

> All persons employed by [d]efendants to perform any work in any of [d]efendants' locations in any capacity during the statutory period within the State of New York who (i) worked in excess of forty (40) hours per week and/or worked in excess of 10 hours per day; and were not compensated with overtime pay; and/or (ii) were not compensated at a rate in accordance with minimum rate of hours laws . . .

(Compl. ¶18). In support of his motion, plaintiff has submitted the sworn affidavits of himself and six other affiants who were employed by the defendants between 2006 and 2012 and a copy of his complaint (Affirmation of Ayanna T. Blake, dated April 30, 2013 (Docket Item 38) at 2-3).

Generally, upon entry of a default, the factual allegations in the complaint, except as to damages, must be taken as true.  Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  However, numerous circuit and district courts have held, that, notwithstanding this general rule, when class certification is sought, a court must still independently determine that Rule 23's requirements are met before a putative class can be certified.  Davis v. Hutchins, 321 F.3d 641, 649 (7th Cir. 2003); Davis v. Romney, 490 F.2d 1360, 1366 (3d Cir. 1974); Telford v. Ideal Mortg. Bankers, Ltd., CV 09-5518 (JS)(AKT), 2010 WL 3924790 at *4 (E.D.N.Y. Aug. 17, 2010) (Report & Recommendation), adopted at, 2010 WL 3909313 (E.D.N.Y. Sept. 27, 2010); Williams v. Goldman & Steinberg, Inc., CV-03-2132 (DGT), 2006 WL 2053715 at *8-*9 (E.D.N.Y. July 21, 2006); Leider v. Ralfe, 01 Civ. 3137 (HB)(FM), 2003 WL 24571746 at *8 (S.D.N.Y. Mar. 4, 2003) (Report & Recommendation) (Maas, M.J.), adopted in part at, 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2005).  As stated by the Court of Appeals for the Seventh Circuit:

> The Supreme Court has made clear that a class "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," and "actual not presumed, conformance with Rule 23(a) remains . . . indis-

4

>pensable." Gen. Tele. Co. of the S.W. v. Falcon, 457
>U.S. 147, 160-61, 102 S. Ct. 2364, 72 L.Ed.2d 740
>(1982). The requirement that the district court con-
>duct this "rigorous analysis," among other things,
>serves the important function of protecting absent
>class members whose rights may be affected by the class
>certification. Davis[ v. Romney,] 490 F.2d [1360,]
>1366 [(3d Cir. 1974)] ("Because the class action deter-
>mination affects the rights of class members not before
>the court, as well as named plaintiffs and defendants,
>it is not sufficient that plaintiffs make an uncon-
>tested motion for a class determination. The Rules
>impose the additional requirements of class determina-
>tion and definition on the district judge.")[.]

Davis v. Hutchins, supra, 321 F.3d at 649. These authorities are persuasive. Thus, I conclude that class certification cannot be granted on default and that certification is inappropriate unless plaintiff's submissions affirmatively establish that the requirements of Rule 23 have been met.

Plaintiff's submissions do not establish the requirements for class certification. Plaintiff's memorandum of law does not address Rule 23 at all, in violation of Local Civil Rule 7.1(a)(2) which requires that all motions be accompanied by a memorandum of law setting forth "cases" and "authorities" in support of the relief sought.[1] Plaintiff's affidavits are no

---

[1]Local Rule 7.1(a)(2) states, in pertinent part,

>(a) Except as otherwise permitted by the Court, all
>motions shall include the following motion papers:
>
>>(2) A memorandum of law, setting forth the cases
>>(continued...)

substitute because they do not mention any law nor do they discuss the requirements of Rule 23. A party's failure to comply with Local Civil Rule 7.1 is sufficient cause, by itself, for denying a motion. Schlatter v. China Precision Steel Inc., 13 Civ. 2793 (GWG), 2013 WL 5353708 at *2 (S.D.N.Y. Sept. 25, 2013) (Gorenstein, M.J.); Mazzei v. Money Store, 288 F.R.D. 45, 69 (S.D.N.Y. 2012)(Koeltl, D.J.) (denying certification of a Rule 23 subclass where plaintiff's memorandum of law failed to explain why the court should certify a subclass); Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co., Inc., 98 Civ. 5045 (JFK), 98 Civ. 84191 (JFK), 2000 WL 964944 at *3-*4 (S.D.N.Y. July 11, 2000) (Keenan, D.J.); see also Krist v. Kolombos Rest. Inc., 688 F.3d 89, 98 (2d Cir. 2012) (finding issue abandoned when not addresses in appellate brief); Hobbs v. County of Westchester, 397 F.3d 133, 147 (2d Cir. 2005) (same); Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) (same). Although plaintiff's motion is accompanied by several supporting affidavits, his supporting memorandum of law neither addresses the requirements of Rule 23 nor explains how those requirements are met in this case (see

---

[1](...continued)
  and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined . . . .

Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Conditionally Certify a Collective Action (Docket Item 36) at 1). This omission constitutes the abandonment of his application for certification under Fed.R.Civ.P. 23.

Accordingly, I respectfully recommend that plaintiff's motion for class certification pursuant to Rule 23 be denied.

IV. Conclusion

For all the reasons discussed above, I respectfully recommend that plaintiff's application to certify his claims under the New York Labor Law as a class action under Fed.R.Civ.P. 23 be denied.

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report to file written objections. See also Fed.R.Civ.P. 6(a) and 6(e). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams, United States District Judge, 40 Centre Street, Room 2203, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New

York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Abrams.  FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993; Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        November 7, 2013

Respectfully submitted,

*[signature]*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Michael J. Borrelli, Esq.
Abby H. Natelson, Esq.
Ayanna T. Blake, Esq.
The Law Office of Borrelli & Associates
Suite 328
1010 Northern Boulevard
Great Neck, New York 11021